JIM SANDLIN V. STATE.

No. A-67.   Opinion Filed March 22, 1910.

(107 Pac. 946.)

1.   JUSTICES OF THE PEACE—Appeal—Trial De Novo. On ap-
     peal to the county court from the justice of the peace court,
     there shall be a trial de novo on questions of both law and facts.

   (Syllabus by the Court.)

·Error from Sequoyah County Court; W. N. Littlejohn, Judge.

The plaintiff in error, Jim Sandlin, was tried on the 24th day
of November, 1908, in the county court of Sequoyah county,
charged with using profane and obscene language.   He was con-
victed and brings error.   Affirmed.

T. T. Shackelford, for plaintiff in error.

Charles West, Atty. Gen., and Chas. L. Moore, Asst. Atty.
Gen., for the State.

OWEN, JUDGE.   The prosecution in this case originated be-
fore a justice of the peace.   The defendant demurred to the com-
plaint.   The demurrer was overruled and defendant convicted on
a trial before a jury.   The case was appealed to the county court
of Sequoyah county.   The defendant demurred there to the infor-
mation.   The demurrer was sustained and the county attorney
given leave to amend the complaint by interlineation.   The case
was tried to a jury, and the defendant convicted and sentenced to
pay a fine of $10 and costs.

Counsel for the defendant urges that the county court erred
in permitting the county attorney to amend the information, and
that such amendment in effect charged the defendant with a differ-
ent crime from that charged before the justice of the peace.   Sec-
tion 14, art. 7, of the Constitution (section 186, Bunn's Ann. Ed.),
provides that the county court shall have jurisdiction of all cases
appealed from the judgment of the justice of the peace in civil
or criminal cases, and in all cases appealed from the justice of the

peace to the county court there shall be a trial *de novo* on questions of both law and fact. Under the provision of this section, the trial in the county court will be had as if there had been no trial in the justice's court. A "trial *de novo*," as we understand it, means a new trial in the same manner, with the same effect, and upon the same issues as the case was tried in the lower court. The county court did not pass on the question as to whether the justice erred in overruling the demurrer. The case was presented anew to the county court, and, when in his opinion the information did not state a cause of action, it was proper to permit the county attorney to amend so that it would state a cause of action. Of course, the county attorney would not be permitted to allege facts that did not exist at the time the information was filed before the justice of the peace. There is no contention here that this was done. The information, as filed before the justice of the peace, attempted to charge the defendant with violating section 2056, Comp. Laws Okla. 1909 (section 1959, Wilson's Rev. and Ann. St.), which makes it a misdemeanor to utter or speak any obscene or lascivious language in a public place or in the presence of a female. The information, as originally filed, did not allege the language to have been uttered in the presence of a female, and the county court properly held this information to be bad, and properly permitted the county attorney to interline the allegation that the language was uttered in the presence of a female. Section 6645, Snyder's Comp. Laws 1909, authorizes the amendment in the following language:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

There is no contention here that the defendant was surprised, and no effort was made to continue the case to enable him to meet the issues which were raised by the amended information.

Judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.