## JOHN W. APPLEBY v. STATE.

No. A-1726.   Opinion Filed February 15, 1915.

(146 Pac. 228.)

1.  **EVIDENCE—Evidence of Other Offenses—Admissibility.** The general rule is that, when a defendant is put upon trial for an offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense, and proof of his guilt of other offenses is incompetent and inadmissible, except for the purpose of showing intent, motive, or guilty knowledge.

2.  **NEW TRIAL—Ground—Misconduct of Counsel.** When the record discloses that counsel for the state, in the prosecution of a person charged with crime, has been guilty of conduct calculated to arouse the prejudice or passion of the jury and prevent the accused from having a fair and impartial trial, a conviction had should be set aside by the trial court, and a new trial awarded.

(Syllabus by the Court.)

*Appeal from County Court, Woodward County;*
*Clyde H. Wyand, Judge.*

John W. Appleby was convicted of a misdemeanor, and appeals. Reversed and remanded for new trial.

*William A. Briggs,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error was convicted on an information, the charging part of which is as follows:

"On the 1st day of December, 1911, at and within the said county and state, did then and there openly, unlawfully, and willfully carry a deadly and dangerous weapon, to wit, a shotgun, loaded with gunpowder and leaden bullets, with the avowed purpose of injuring, to wit, shooting another person, to wit, J. N. Hargis, Thomas Green, and Charley Linsey, contrary to," etc.

On the 16th day of February, 1912, the court pronounced judgment, and in accordance with the verdict of the jury sentenced the defendant to confinement in the county jail for the term of 90 days, and that he pay a fine of $100.

To reverse the judgment the defendant appeals.

The learned counsel for the defendant has devoted his argument principally to a discussion of the errors assigned upon rulings of the court admitting evidence tending to show the commission of other crimes by the defendant and misconduct on the part of the prosecuting attorney in asking questions relative to other supposed crimes committed by the defendant. It appears from the record that C. W. Kinsey testified as a witness for the state to facts tending to establish the offense charged. On redirect examination he was asked the following questions:

"Q. Mr. Appleby wasn't hunting in January, 1911, when he drew that gun on his boy? (Objection made and sustained.) Q. Do you remember the occasion when Mr. Appleby was shot by his son down there in 1911? A. I do not."

The defendant, as a witness in his own behalf, denied the essential parts of the testimony given by the witnesses for the state. On cross-examination he was asked the following questions:

"Q. Now, I want to ask you if it isn't a fact that for the last six months you have been living in a state of adultery with Mrs. Potts. A. No, sir. (Objected to as being incompetent, irrelevant, and immaterial.) By the Court: The question has been answered. Q. You know Mrs. Potts, don't you? A. Yes, sir. Q. She is a widow woman living down there? A. Yes, sir. Q. You have been stopping there a good deal. A. Yes, sir. Q. How many rooms are there in that Potts house? A. Two. Q. Who lives there besides Mrs. Potts? A. No one but Mrs. Potts. (Objection made and sustained.) Q. You are in the habit of getting intoxicated. A. I get intoxicated sometimes; yes, sir. Q. You have had that habit as long as you have had the habit of carrying that gun haven't you? A. Yes, sir; all my life; ever since I have been grown. Q. I will ask you if you have ever brought any action in any court to keep Tom Green and Hargis from keeping your children from you. (Objection made and sustained.) Q. When did your wife put you under a peace bond? A. I don't remember the date. Q. Wasn't it in September, 1910? A. I don't remember. Q. You went down to Richmond and had a shooting match; didn't you draw that same gun on your son Bob and tried to shoot him just about a year ago? A. I never done any such thing. Q. You were then under a peace bond? A. No, sir. Q. How many times

have you been arrested for disturbing the peace in that neighborhood in the last three years? A. Three times."

We are of the opinion that the effect of the evidence was to present to the jury testimony relating to another assault on some other occasion, and to the commission of the crime of adultery, having no connection with the offense charged in the information, all of which tended to prejudice the minds of the jury against the defendant in reference to the offense for which he was on trial. It is never competent to show that the defendant was guilty of an independent crime, not connected with or leading up to the offense for which he is on trial, except for the purpose of showing intent, motive, or guilty knowledge, and this evidence was not proper or competent for that purpose. The general rule is that when a defendant is put upon trial for an offense, he is to be convicted, if at all, by evidence which shows he is guilty of that offense, and that, under ordinary circumstances, proof of his guilt of other offenses is incompetent and inadmissible.

This court has more than once condemned the asking of questions by the prosecuting attorney intended to bring out incompetent evidence.

In *Pickrell v. State,* 5 Okla. Cr. 391, 116 Pac. 957, it is said:

"A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent."

In the case of *Watson v. State,* 7 Okla. Cr. 590, 124 Pac. 1101, it is held:

"When the record discloses that counsel for the state, in the prosecution of a person charged with crime, has been guilty of conduct calculated to arouse the prejudice or passion of the jury and prevent the accused from having a fair and impartial trial, a conviction had should be set aside by the trial court, and a new trial awarded.

"The repeated asking of incompetent questions, which clearly have for their purpose the intimation of something to the jury that is either not true or not capable of being proven if true, is wrong, and such conduct of counsel is not cured because the court sustains objections to the questions.

"In jury trials incalculable harm is often done by counsel in asking known incompetent questions in the hearing of the jury and thereby forcing the adverse party to object to them also in the hearing of the jury, which manifests a fear of the incompetent questions, and gives emphasis to the harmful matter they are supposed to contain."

While the testimony offered for the state tended quite strongly to support the allegations in the information, the testimony in behalf of the defendant contradicted the evidence of the state, and left a close question of fact to be considered by the jury. Under such circumstances we cannot say that the incompetent evidence admitted and the improper questions propounded to the defendant by the prosecuting attorney in the course of his cross-examination were not prejudicial to the substantial rights of the defendant.

For the reason stated, the judgment is reversed, a new trial awarded, and the cause remanded.

DOYLE, P. J., and FURMAN, J., concur.