## ED PERALES v. STATE.

No. A-2938. Opinion Filed. September 21, 1918.

(174 Pac. 1100.)

1. **COURTS—Trial by Justice—Appeal—Amendment of the Complaint.** Where criminal complaint filed before a justice of the peace charged only an offense, or offenses, which such justice of the peace had original jurisdiction to try, and the defendant appealed to the district court from a conviction before such justice, where, upon defendant's motion, certain redundant and duplicitous allegations are stricken from said complaint, leaving therein charged only the offense for which conviction was had below, the district court was not thereby deprived of jurisdiction to try said alleged offense de novo upon appeal.

2. **SAME.** Upon appeal to the district court from a justice of the peace court in a criminal case, the trial is **de novo** on questions of both law and fact; and it was proper on appeal to permit the county attorney to amend the complaint to make the same more specific, where no different offense is charged.

3. **EVIDENCE—Another Offense.** Record examined. and **held,** admission of evidence of offenses other than that charged was erroneous and prejudicial.

*Appeal from District Court, Jackson County;*
*Will Linn, Assigned Judge.*

Ed Perales was convicted of a breach of the peace, and appeals. Reversed and remanded.

*M. L. Hankins* and *S. B. Garrett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. The defendant was tried in the justice of the peace court August 31, 1916, upon a complaint the charging part of which is as follows:

"That Ed Perales, on or about the 14th day of August, 1916, in the county of Jackson and State of Oklahoma, did

then and there willfully and unlawfully disturb the peace and quiet of Mrs. L. E. Merritt, Mrs. D. Tant, Blanche Tant, Lillie Korengay, and Clura Merritt, and the family of Mrs. L. E. Merritt, in the manner and form as follows, to wit, that is to say: The said Ed Perales did then and there willfully and unlawfully make use of profane, obscene, abusive, insulting, and vulgar language in the presence and hearing of the said Mrs. L. E. Merritt, Mrs. D. Tant, Blanche Tant, Lillie Kornegay, and Clura Merritt, said language being then and there addressed to the said Blanche Tant, Lillie Kornegay, and Clura Merritt, which language in its common acceptation was calculated to arouse to anger the said persons so addressed and cause a breach of the peace or an assault; and the said Ed Perales did then and there willfully and unlawfully nudge and shove the said Blanche Tant in the side, and did then and there smack his lips at and attempt to kiss the said Lillie Kornegay, Blanche Tant, and Clura Merritt, and did then and there willfully, and unlawfully attempt to throw and place his legs over the leg of the said Lillie Kornegay, and did then and there willfully and unlawfully attempt to place his feet in the lap of the said Lillie Kornegay, all in the presence and hearing of the said Mrs. L. E. Merritt, Mrs. D. Tant, Lillie Kornegay, Blanche Tant, and Clura Merritt, contrary to the statutes in such cases made and provided," etc.

In the district court the defendant filed motion to strike out certain parts of the foregoing complaint. Upon hearing the said motion to strike, the district court made its order striking from said complaint the following:

"And did then and there willfully and unlawfully nudge and shove the said Blanche Tant in the side, and did then and there willfully and unlawfully smack his lips at and attempt to kiss the said Blanche Tant and the said Lillie Kornegay and the said Clura Merritt, and did then and there willfully and unlawfully attempt to throw his leg over the leg of the said Lillie Kornegay, and did then

and there willfully and unlawfully attempt to place his feet in the lap of the said Lillie Kornegay."

Thereupon the county attorney obtained leave of the court, over the objections and exceptions of the defendant, to file, and was permitted to file, an amended complaint. The amended complaint filed by the county attorney in the district court, in the charging part, is as follows:

"I, D. Tant, complaining of Ed Perales, of Jackson county, Oklahoma, then and there being, do solemnly swear that heretofore, to wit, on or about the 14th day of August, 1916, in the county of Jackson and the State of Oklahoma, the said Ed Perales did then and there willfully and unlawfully make use of profane, violent, abusive, and insulting language toward and about one Blanche Tant, and in the presence and hearing of the said Blanche Tant; said language so as aforesaid used by the said Ed Perales toward and about the said Blanche Tant, and in the presence and hearing of the said Blanche Tant, being as follows, to wit: 'Don't you want a piece of my ass,' and 'Won't you have a piece of my ass,' and 'Won't you have it,' which said language in its common acceptation was calculated to arouse to anger the person so addressed, and to cause a breach of the peace and assault, contrary to the form of the statutes," etc.

Which was properly sworn to by D. Tant. To the above amended complaint, defendant filed motion to quash or strike the said complaint filed in the district court for the following reasons:

"First, because the court has no jurisdiction of the defendant, and likewise has no jurisdiction over the subject-matter stated in the complaint filed herein; second, because it does not purport to be an amendment of any case filed in the justice of the peace court, but shows to be a new case, charging an entirely different offense from any tried in the court below, charging that the defendant did

different acts, in the hearing and presence of different persons, and that different persons were affected thereby, to those charged in the case tried in the justice of the peace court."

Which motion to strike was by the court overruled and exceptions saved by the defendant. Also to the said amended complaint filed in the district court the defendant filed his demurrer, among other things alleging:

"First. Because the court has no jurisdiction of the defendant, nor the subject-matter stated in the complaint. Second. * * * Third. Because said case is filed in the wrong court."

Which demurrer. to said complaint was by the court overruled, and proper exceptions allowed the defendant. Whereupon the case proceeded to trial, and the state introduced the witness Blanche Tant, and the defendant made the following objection to the introduction of any evidence:

"At this time the defendant objects to the introduction of any evidence in this case by the state, because this court is without jurisdiction, this being an appeal from the justice of the peace court, where the defendant was charged with disturbing the peace by the commission of several different assaults upon several different persons, naming them, and the amended complaint filed herein does not charge any of the acts of assault charged in the complaint in the justice court, but charges a new and different act, viz., that the defendant used certain obscene words to one Blanche Tant, alleging the exact words, which constitute a different act entirely from the act as charged in the justice court."

Which objection was by the court overruled, and exception allowed.

It is the contention of the defendant that the district court had no jurisdiction of this case, because it is con-

tended that, if the justice of the peace had no jurisdiction, then the district court acquired none upon the attempted appeal; and in this connection it is further contended that the complaint filed before the justice of the peace is based upon section 2793, Rev. Laws 1910, which is as follows:

"Any person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency and is injurious to public morals, although no punishment is expressly prescribed therefor by this chapter, is guilty of a misdemeanor"

—and that the jurisdiction of a justice of the peace to try misdemeanor cases is limited to a punishment not to exceed a fine of $200 or imprisonment in the county jail for 30 days, or by both such fine and imprisonment (section 6139, Rev. Laws 1910), while the punishment prescribed for a violation of section 2793, *supra*, is greater than that for offenses over which a justice of the peace has jurisdiction.

There would be merit in this contention had the complaint originally filed before the justice of the peace stated an offense under section 2793, *supra*, as contended for by counsel for defendant. This court, however, cannot concur in such contention. It was clearly the intention of the pleader in the complaint originally filed before the justice of the peace to charge the defendant with the offense defined in chapter 58, Session Laws 1911, the first and second sections of which are as follows:

"Section 1. If any person shall willfully or maliciously disturb, either by day or night, the peace and quiet of any city of the first class, town, village, neighborhood or family by loud or unusual noise, or by abusive, violent,

obscene or profane language, whether addressed to the party so disturbed or some other person, or by threatening to fight, quarreling or challenging to fight, or fighting, or shooting off any firearms, or brandishing the same, or by running any horse at unusual speed along any street, alley, highway or public road, he shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not to exceed $100.00, or by imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment, at the discretion of the court or jury trying the same.

"Sec. 2. If any person shall make use of any profane, violent, abusive or insulting language toward or about another person, in the presence or hearing, which language, in its common acceptation, is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault, every such person shall be deemed guilty of a breach of the peace, and, upon conviction thereof, shall be punished by a fine in any sum not to exceed $100.00, or by imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment, at the discretion of the court or jury trying the same."

The matter stricken out of the original complaint upon motion of the defendant in the district court merely charged certain assaults upon Blanche Tant, Lillie Kornegay, and Clura Merritt, and, had these offenses been separately pleaded, they were offenses over which the justice of the peace had original jurisdiction, as the punishment prescribed for such offenses (section 2343, Rev. Laws 1910) is by imprisonment in a county jail not exceeding 30 days, or by a fine not less than $5 nor more than $100, or both. It is the opinion of the court, therefore, that the complaint filed before the justice of the peace did not charge an offense under section 2793, *supra*, as con-

tended, but that it was subject to demurrer as being duplicitous, in that it charged more than one offense, in the same paragraph of complaint, over each of which the justice of the peace had jurisdiction, and the action of the district court in striking the surplus allegations in no way deprived the court of jurisdiction to try and determine the offense as stated in the original complaint.

It was also proper for the district court to permit the county attorney to amend such complaint. *Sandlin v. State,* 3 Okla. Cr. 578, 107 Pac. 946.

Over objection and exception by defendant, the trial court permitted the witnesses Lillie Kornegay and Clura Merritt to testify that Blanche Tant, immediately upon the use of the alleged insulting language by the defendant, turned to them and told them that he had used the exact language set out in the amended complaint, repeating the words employed by defendant. The action of the court in this respect is alleged to be erroneous and prejudicial. The conclusion is reached, however, that such evidence is clearly a part of the *res gestae,* as it tends to explain the nature of defendant's conduct and was a voluntary declaration by the prosecuting witness contemporaneous with the main act sought to be proven. *Lail v. State, ante,* p. 596, 174 Pac. 1099, decided September 14, 1918, and authorities there cited.

The court also permitted, over objection and exception by the defendant, the witnesses Blanche Tant, Lillie Kornegay, and Clura Merritt to testify on behalf of the state to certain alleged assaults committed by the defendant on Lillie Kornegay and Clura Merritt some five or ten minutes subsequent to the alleged breach of peace charged in the amended complaint. Counsel strenuously contend that

the admission of such evidence was erroneous and clearly prejudicial in this case. In this conclusion we agree.

The evidence of the separate assaults alleged to have been made by the defendant upon Lillie Kornegay and Clura Merritt, occurring some five or ten minutes subsequent to this alleged offense, was evidence of separate and distinct crimes of an entirely different character, which did not tend to establish or directly prove the guilt of the accused of the offense charged, nor were they so related to said act or interwoven therewith that the proof of one could not be made without proof of the other, nor did this evidence come within any of the well-known exceptions to the general rule excluding evidence of other offenses. *Koontz v. State,* 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689; *Baldwin v. State,* 11 Okla. Cr. 228, 144 Pac. 634; *Appleby v. State,* 11 Okla. Cr. 284, 146 Pac. 228; *Miller v. State,* 13 Okla. Cr. 176, 163 Pac. 131, L. R. A. 1917D, 383. It is the opinion of the court, therefore, that the evidence of these separate and distinct offenses was improperly admitted, and that its admission was prejudicial to the defendant, as this is a closely contested case on the facts.

While this is a conviction for a misdemeanor, with the punishment fixed at a fine of $50 only, the defendant is entitled to be convicted upon competent and legal evidence, and to permit said witnesses to testify that defendant was guilty of other separate and distinct offenses, independent of and not related to the one charged, nor so interwoven with it as to explain it and thereby tending to establish his guilt of that offense, was erroneous and prejudicial.

Other errors assigned are either without merit or are such as are not likely to arise upon a retrial of the case.

Judgment reversed, and cause remanded for further proceedings in accordance herewith.

DOYLE, P. J., and ARMSTRONG, J., concur.