## TAR HENNESSEE v. STATE.

No. A-4560.   Opinion Filed Jan. 24, 1925.
(232 Pac. 856.)

(Syllabus.)

Witnesses—Cross-Examination of Prosecuting Witness to Show Bias Against Accused. The defendant has a right, on cross-examination, to show the nature of the relations existing between the prosecuting witness and the defendant, so far as their relations are such as would create a bias that might reasonably be supposed to affect the credibility of the witness.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Tar Hennessee was convicted of the offense of selling whisky, and he appeals. On rehearing reversed and remanded.

Lewis Hunter, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   This case was originally affirmed on November 1, 1924, for failure to diligently prosecute the appeal, as provided in rule IX of this court. The petition for rehearing indicates that there is merit in the appeal.

Plaintiff in error, Tar Hennessee, was convicted of the unlawful sale of one quart of corn whisky. The evidence shows that plaintiff in error and others, including one Bill Muse, joined together to buy some whisky to be used at a charivari party in the neighborhood where plaintiff in error resided; that Bill Muse, at the time of the trial, was charged with murder, and that plaintiff in error was the prosecuting witness against Muse; also, that Muse was the

principal witness against plaintiff in error in the trial on the whisky charge—the case here under consideration.

The record shows that at the threshold of the trial, before any witnesses were examined, the trial court made the following ruling:

"Now, at this time, the court calls the attorney for the defendant and the attorney for the state of Oklahoma in consultation, and makes the ruling that the witness Bill Muse shall not be questioned concerning the charge of murder now pending against him, and that said pending murder charge be eliminated from all questions and answers in the evidence in this case on trial, and that no questions or answers shall be given in evidence as to the defendant, Tar Hennessee, being the first witness in said pending murder trial."

"To which ruling of the court the defendant excepts, for the reason that the prosecuting witness against the defendant, the said Bill Muse, is at this time under a charge of murder against a white man, Ben Hill, and for the further reason that the defendant, Tar Hennessee, is one of the personal eyewitnesses to this killing of Ben Hill, being the prosecuting witness against Bill Muse; and for the further reason that the evidence submitted by Bill Muse against the defendant, Tar Hennessee, is for the purpose of making clemency in the hope of leniency from the prosecuting officers of the county, and by reason of this hope of leniency and mitigation and the hope of changing public sentiment in his favor that the prosecuting witness, Bill Muse, would be unworthy of belief, and a conviction secured on that evidence should not stand."

This exception was by the court allowed.

Muse testified that he and others bought a quart of corn whisky from plaintiff in error, and that his relations with plaintiff in error were friendly. At the conclusion of Muse's testimony the following appear:

"Q. Is he (Hennessee) a witness in any other case in which you are interested?

"By Mr. Huff: Objected to by the state of Oklahoma

for the reason that the same is incompetent, irrelevant, and immaterial, and has nothing to do with the case.

"By the Court: The objection is sustained. (To which ruling of the court the defendant excepts, and exceptions are by the court allowed.)

"Q. I will ask you if he is a witness against you in any case in which you are interested?

"By Mr. Huff: Objected to by the state of Oklahoma for the reason that the same is incompetent, irrelevant, and immaterial and has nothing to do with this case.

"By the Court: The objection is sustained. (To which ruling of the court the defendant excepts, and exceptions are by the court allowed.)"

In the case of Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132, the court said:

"This state has the right, on cross-examination, to show the nature of the relations existing between the witness and the defendant, so far as their relations are such as would create a bias that might reasonably be supposed to affect the credibility of the witness, and this rule cannot be changed by the fact that such evidence would probably prejudice the defendant in the minds of the jury."

In Smith v. State, 14 Okla. Cr. 349, 171 P. 341, it was said:

"The court may permit any question on cross-examination which reasonably tends to explain, contradict, or discredit any testimony given by a witness in chief."

See, also, to the same effect, Phillips v. State, 20 Okla. Cr. 415, 203 P. 902.

The conviction in this case rests almost entirely upon the testimony of Muse, and the rule of evidence above stated should apply here. The jury were in all fairness entitled to know what the personal relations of these two men were in order to intelligently pass upon the credibility of the prosecuting witness, Muse. Muse, being accused of murder, would very naturally want to accommodate the

county attorney in every way possible. There are other reasons why the refusal of the court to permit the inquiry may have been prejudicial.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE and EDWARDS, JJ., concur.