### ARIS MULLIKIN v. STATE.

No. A-5194. Opinion Filed Nov. 5, 1925.
(240 Pac. 1099.)

L. C. McLean, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. Plaintiff in error, defendant below,

was convicted of the sale of a pint of whisky, with his punishment assessed by jury at confinement in the county jail for 60 days and a fine of $100.

The defendant was a taxi driver in the city of Enid. The two principal witnesses for the state were detectives, employed to entrap certain suspected offenders against the prohibitory law, including this defendant. The prosecuting witness admitted that he was employed for this purpose at the rate of $10 per day and expenses, and furnished money to buy whisky from the persons whose names were furnished him. On this particular day a helper was employed and paid $4 for the day. Under this arrangement the prosecuting witness worked eight days and the helper this one day.

Concerning the crucial part of the transaction, the main detective testified as follows:

"A. I was in there, Wilson and I was in there eating dinner, and I asked the waiter for Mr. Mullikin. He was over on the other side of the counter. After we got through eating dinner he came over, and I introduced myself to him, and introduced him to Wilson also, and I asked him for a pint of whisky, and he said, 'All right'; for us to go in the toilet of the Grand Avenue Hotel, and he would be in in a few minutes. In just a few minutes he came in with the whisky, and pulled it out of his right hip pocket, and handed it to me, and I paid him $3 for it."

"Q. Who was in the toilet of the Grand Avenue Hotel? A. Just Wilson and I and Mr. Mullikin."

To the same effect was the testimony of the helper. The defendant denied the transaction in toto.

Ordinarily, it is not against public policy for officers to set a trap for one who is about to commit an offense. Shouquette v. State, 25 Okla. Cr. 169, 219 P. 727. The interest of the persons so employed may be shown, as in other cases. These two state witnesses admitted that they

had been employed to entrap the defendant and others, and on their cross-examination there was testimony brought out tending to show that they had told sundry persons about their method of entrapment, and that, if they made up their minds to involve any particular person, they could testify that such person had sold them whisky, and there was no way for the accused to controvert their testimony.

In addition to this, the defendant sought to show that at different times within this 9-day period the chief detective was drunk and disorderly, but no evidence was offered tending to show that such was his condition at or about the time the defendant was said to have sold this particular pint of whisky. Proof of specific misdemeanors not connected with the offense being tried cannot be shown to discredit or impeach a witness. Wisdom v. State, 18 Okla. Cr. 118, 193 P. 1003; Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L. R. A. (N. S.) 153; Perales v. State, 14 Okla. Cr. 601, 174 P. 1100. Whether the general reputation of the witness being a drunken snitch could have been shown need not be decided, because no sufficient attempt was made to show this.

The credibility of the admitted hired detectives, like that of other witnesses, was for the jury, the same as in other cases, and the rules as to impeachment are the same.

The defendant complains that the spelling of the name of the accused, as written in the original information, was changed during the progress of the trial. This did not operate to the prejudice of the defendant. The true name of the accused was finally ascertained and his identity established, and the fact that the name was spelled differently on the label of the bottle preserved and introduced in evidence is immaterial. Section 2822, Comp. Stat. 1921.

The defendant admitted that he had previously been convicted in the federal court for the illegal transportation

of whisky. Under such circumstances the punishment assessed does not seem excessive.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.