# LUTHER KIKER v. STATE.

No. A-7000.   Opinion Filed Jan. 31, 1930.
Rehearing Denied March 15, 1930.
(285 Pac. 987.)

Joe S. Eaton and G. L. Bynum, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of the crime of assault with a dangerous weapon on an information charging a crime of assault with intent to kill, and his punishment fixed at imprisonment in the penitentiary for a term of one year and one day.

The evidence of the state establishes the following facts: That the defendant, Luther Kiker, shot and wounded one Phillip (Jack) Black. Both the defendant and Black were coal miners, and had been working together for several years in the same mines. Defendant had lived in the same house with Black for two and one-half years prior to the shooting. There was ill feeling between Black and defendant because of the fact that defendant had broken up Black's home and caused a separation between Black and his wife. The shooting occurred on the main street of the city of Henryetta at about 6 o'clock in the evening. The parties met on the north side of the street. Some words passed between them after which the shooting occurred. The defendant claimed that he shot Black in his own necessary self-defense; that Black had his hands in his pockets, and advanced towards him at the time he shot, called him a "son-of-a-bitch," and threatened to kill him. Black denied that he called the defendant a "son-of-a-bitch," but stated he called him "a dirty low-down snake," and that he took several steps

beyond the defendant; that the defendant said something to him, and that he turned about with his side to the defendant when the defendant pulled his pistol and shot him twice.

Counsel for the defendant rely on three general propositions for a reversal of this judgment: First, the alleged insufficiency of the evidence to sustain a conviction. It is a sufficient answer to this objection to say that the testimony of the prosecuting witness, supplemented by the other witnesses who testified on behalf of the state, is sufficient to support this conviction. It was for the jury to determine whether to believe the prosecuting witness and the other witnesses for the state or to believe the testimony of the defendant and the witnesses who testified for him. The theory of the defendant was that he shot in his own self-defense, that the prosecuting witness had made threats against him, and had his hands in his pockets, and acted as if he was about to shoot the defendant when the defendant fired the shots into the body of the prosecuting witness. The trial court fully covered the theory of the defendant in the instructions to the jury. In the case at bar, the prosecuting witness denies making any threats against the defendant to kill him, and specifically denies making any assault upon the defendant, and specifically denies that he gave the defendant any reason to believe by his conduct that he intended to assault the defendant. These questions were questions of fact for the jury to determine, and, having determined them adversely to the contentions of the defendant and there being evidence in the record to support the theory upon which this conviction is based, it was not error for the trial court to overrule the defendant's motion for new trial on the ground of insufficient evidence. Whitten v. State, 25 Okla. Cr. 447, 221 Pac. 115.

The defendant for his second ground of error alleges that the court admitted incompetent, immaterial, and irrelevant evidence. Under this assignment of error defendant sets out certain excerpts from the record of the trial which he insists disclose the fact that the trial court admitted, over the objection and exceptions of the defendant, incompetent, immaterial, and irrelevant testimony. It appears from the excerpts set out by defendant in his brief that the final ruling of the trial court was in every respect favorable to the defendant and that no exceptions were reserved to the court's ruling, but that the court instructed the jury that the evidence sought to be elicited was not competent, sustained the objection, and ruled favorably to the defendant's contention.

It appears from the record that the defendant's counsel, on cross-examination of the prosecuting witness, brought out the following evidence:

"Q. Why did you speak to him? A. Why did I speak to him?

"Q. Yes. A. Because I knew beyond the shadow of a doubt, while posing as my friend, he had done me the most serious injury for one man to do another, by breaking up my home."

It thus clearly appears that among the first things the defendant got before the jury when the prosecuting witness was on the witness stand was the fact that the prosecuting witness believed that defendant had broken up his home. We are unable to see wherein the defendant was injured by any of the excerpts complained of bearing on the same subject which he claims was incompetent, but which finally was excluded by the trial court. Manning v. State, 7 Okla. Cr. 368, 123 Pac. 1029; Foreman v. State,

38 Okla. Cr. 50, 259 Pac. 176; White v. State, 34 Okla. Cr. 424, 246 Pac. 1114.

The third assignment of error urged by defendant is alleged misconduct on the part of the county attorney in the examination and cross-examination of certain witnesses. The improper questions complained of go principally to questions asked the defendant and his witnesses concerning the fact that the trouble between the prosecuting witness and the defendant arose over the misconduct of the defendant with the prosecuting witness' wife and the fact that defendant had married the prosecuting witness' wife since the shooting. The defendant had already put his character in question, and had already brought out the fact on cross-examination from the prosecuting witness that the trouble arose over the misconduct of the defendant with the prosecuting witness' wife. It is always competent on cross-examination to prove by a witness any fact which tends to show bias, prejudice, friendship, or enmity or of the relationship of the witness to one of the parties to the case, for the purpose of affecting the credibility of the witness. Orr v. State, 21 Okla. Cr. 189, 205 Pac. 941; Hennessee v. State, 29 Okla. Cr. 72, 232 Pac. 856.

It is also competent to show that the defendant was guilty of a crime connected with, or leading up to the offense for which he is on trial for the purpose of showing intent, motive, or guilty knowledge. Appleby v. State, 11 Okla. Cr. 284, 146 Pac. 228; Hall v. State, 37 Okla. Cr. 4, 255 Pac. 716.

The record discloses that the cross-examination of the county attorney was directed toward matters already brought out by defendant, and, while some of the questions were incompetent and some of the evidence sought to be

brought out not material to the case, there was not such misconduct of the county attorney that it would require a reversal of the case. Since in every case where the evidence was incompetent the objections of the defendant were sustained, and, whenever requested by the defendant the court instructed the jury not to consider such improper questions or incompetent evidence, the rights of the defendant were not prejudiced thereby.

The jury fixed the defendant's punishment at one year and one day in the penitentiary, when under the evidence in the case they would have been justified in assessing the highest punishment permitted under the law for the crime of which the defendant was found guilty. The defendant had a fair trial, and the evidence is sufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.